## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TODD M. LOPEZ, as Personal
Representative of the Estate of ALBERTO
ALVAREZ, JR., Decedent; SANDRA ANCHONDO,
individually, and as Next Friend of A.A., a minor; and
ANAHY ALVAREZ ANCHONDO; and
LUCY RIVER, as Personal Representative of the
Estate of ISRAEL MARTINEZ, Decedent;
MARY MARTINEZ, individually, and as Next Friend of
M.M., A.O.M., I.M.J., minor children; and
NITTY DANIELA MARTINEZ,

    Plaintiffs,

v.                                                                                              No.  6:22-cv-937

SPUR ENERGY PARTNERS, LLC
a Foreign Limited Liability Company;
MICHAEL BISHOP, individually and as
an agent of Spur Energy Partners, DOUGLAS
BORING, individually and as an agent of Spur
Energy Partners, KIPPER FOLMAR,
individually and as an agent of Spur Energy
Partners, and RENE QUINTANA, individually
and as an agent of Spur Energy Partners;
GRAVITY OILFIELD SERVICES, LLC,
a Foreign Limited Liability Company; and
JOHN DOES I-V, JANE DOES VI-X,
BLACK AND WHITE CORPORATIONS XI-XV,
ABC PARTNERSHIPS XVI-XX, and
XYZ ORGANIZATIONS XXI-XXV,

    Defendants.

## NOTICE OF REMOVAL

    Defendant Spur Energy Partners LLC ("Defendant Spur Energy"), pursuant to the provisions of 28 U.S.C. § 1441, herein exercises their right to remove this action from the First Judicial District, County of Santa Fe, State of New Mexico, where the case is now pending by the name and style of *Todd M. Lopez, as Personal Representative of the Estate of Alberto Alvarez, Jr,*

*et al. v. Spur Energy Partners, LLC, et al.*, Case No. D-101-CV-2022-02140 (the "Lawsuit") to the United States District Court for the District of New Mexico. As grounds for removal, Defendant Spur Energy states the following:

1.	On November 10, 2022, Plaintiffs filed their Complaint for Damages Arising from Wrongful Death against Defendants alleging wrongful death, loss of consortium, personal injury, and punitive damages in the First Judicial District Court for the State of New Mexico entitled *Todd M. Lopez, as Personal Representative of the Estate of Alberto Alvarez, Jr, et al. v. Spur Energy Partners, LLC, et al.*, Case No. D-101-CV-2022-02140.

2.	Defendant Spur Energy's removal is timely. Specifically, the thirty (30) day removal period for Defendant Spur Energy has not been triggered because Defendant Spur Energy has not been (1) simultaneously served with the summons and complaint, or (2) received a copy of the complaint through formal service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *see also Sanchez v. Walgreen Co.*, Case No. 2:20-cv-01291-KWR-KRS, 2021 WL 1921516, at *3 (D.N.M. May 13, 2021) (slip copy). Thus, Defendant Spur Energy's removal is timely and is being filed within thirty (30) days of Plaintiffs filing their Complaint, which is clearly within 30 days of Defendant's receipt of this Complaint.

3.	This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 1441 since there is complete diversity of the citizenship as to all parties. Plaintiffs objectively seek more than $75,000 as Plaintiffs allege damages for wrongful death of a forty-six (46) year old (Decedent Alvarez) and a forty-two (42) year old (Decedent Martinez), and thus the amount in controversy has been met. *See, generally,* Pls.' Compl.

### I. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

4. The Complaint alleges that "Decedent Alberto Alvarez, Jr., was a citizen and resident of New Mexico at all materials times." *See* Pls.' Compl. ¶ 4.

5. The Complaint alleges Todd Lopez is the Wrongful Death Personal Representative for the Estate of Alberto Alvarez, Jr., deceased, and was appointed in such capacity in Case Number D-101-CV-2018-02394. *See* Pls.' Compl. ¶¶ 3, 14. "The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2). Mr. Alvarez was a citizen of New Mexico at the time of his death, and thus Todd Lopez as personal representative of the estate of the decedent, is a citizen of New Mexico.

6. The Complaint alleges that "Decedent Israel Martinez was a citizen and resident of New Mexico at all material times." *See* Pls.' Compl. ¶ 6.

7. The Complaint alleges Lucy River is the Wrongful Death Personal Representative for the Estate of Israel Martinez, deceased, and was appointed in such capacity in Case Number D-101-CV-2018-02394. *See* Pls.' Compl. ¶¶ 5, 16. Mr. Martinez was a citizen of New Mexico at the time of his death, and thus Lucy River as personal representative of the estate of the decedent, is a citizen of New Mexico. *See* 28 U.S.C. § 1332(c)(2).

8. The Complaint alleges "Anahy Alvarez Anchondo and A.M. are the surviving children of Alberto Alvarez." *See* Pls.' Compl. ¶ 17. As Mr. Alvarez's children, and upon information and belief, Anahy Alvarez Anchondo and A.M. are individuals residing in New Mexico.

9. The Complaint alleges Sandra Anchondo is the "surviving spouse of Alberto Alvarez" and the mother of Anahy Alvarez Anchondo and A.M. *See* Pls.' Compl. ¶ 18. As Mr. Alvarez's surviving spouse, and upon information and belief, Sandra Anchondo is an individual residing in New Mexico.

10. The Complaint alleges "Nitty Daniela Martinez, M.M., A.O.M., and I.M.J[.] are the surviving children of Israel Martinez." *See* Pls.' Compl. ¶ 19. As Mr. Martinez's children, and upon information and belief, Nitty Daniela Martinez, M.M., A.O.M., and I.M.J. are individuals residing in New Mexico.

11. The Complaint alleges Mary Martinez is the "surviving spouse of Israel Martinez" and the mother of Nitty Daniela Martinez, M.M., A.O.M., and I.M.J. *See* Pls.' Compl. ¶ 20. As Mr. Martinez's surviving spouse, and upon information and belief, Mary Martinez is an individual residing in New Mexico.

12. Defendant Spur Energy is a limited liability company formed in Delaware and has its principal place of business in Houston, Texas. *See* John Nabors Aff. ¶ 3, attached hereto as Exhibit A. Defendant Spur Energy consists of two (2) members: Jay C. Graham and Kyle N. Roane. *See id*. Both Mr. Graham and Mr. Roane are individuals residing in Harris County, Texas. *See id*.

13. The Complaint alleges Defendant Rene Quintana is an individual residing in Edinburg, Texas.

14. Defendant Gravity Oilfield Services, LLC is a limited liability company formed in Texas. Gravity Oilfield Services, LLC's sole member is Gravity Oilfield Operating, LLC, a limited liability company formed in Delaware. Gravity Oilfield Operating, LLC wholly owned by Gravity

4

Oilfield Services, Inc., a corporation organized under the laws of Delaware with its principal place of business in Texas.

15. The Complaint also lists "John Doe defendants" and "X,Y,Z defendants" as parties to this lawsuit. *See* Pls.' Compl. ¶¶ 28-29. However, the citizenship of these parties should be disregarded by the Court because they are being sued under fictitious names. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006); *see also Sanchez v. Walgreen Co.*, Case No. 2:20-cv-01291-KWR-KRS, 2021 WL 1921516, at *3 (D.N.M. May 13, 2021) (slip copy). Thus, the citizenship of "John Doe" defendants should be disregarded by the Court for purposes of removal on the basis of diversity of citizenship.

16. No properly joined Defendant is a citizen of New Mexico or has its principal place of business in New Mexico. No member of any LLC defendant is a citizen of New Mexico.

17. The only Defendants to this lawsuit who are citizens of New Mexico have been improperly joined. As such, there is complete diversity of citizenship between the parties hereto.

## II.  PLAINTIFFS FRAUDULENTLY JOINED MICHAEL BISHOP, DOUGLAS BORING, AND KIPPER FOLMAR TO DEFEAT DIVERSITY JURISDICTION

18. Plaintiffs named (1) Defendant Michael Bishop ("Bishop"), an individual and resident of Artesia, New Mexico; (2) Defendant Douglas Boring ("Boring"), an individual and resident of Lovington, New Mexico; and (3) Defendant Kipper Folmar ("Folmar"), an individual and resident of Artesia, New Mexico, in this lawsuit for the sole purpose of destroying complete diversity and to prevent removal. This fraudulent joinder also abrogates application of the forum defendant rule.

19.     A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction. *See Schmidt v. International Playthings LLC*, 503 F.Supp.3d 1060, 1089 (D.N.M. 2020); *see also Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). To establish fraudulent joinder, the removing party must show that the nondiverse plaintiff will have no possibility of establishing a cause of action against the defendant. *See Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). In support of this Notice of Removal, Defendant Spur Energy attaches the affidavit of John Nabors, Senior Vice President – Operations of Spur Energy, which affirms Mr. Bishop, Mr. Boring, and Mr. Folmar had no personal involvement in the operations ongoing at the site during the time of the alleged incident. *See* Ex. A.

20.     The alleged incident at issue in this lawsuit arises from Mr. Alvarez and Mr. Martinez's work at an oil and gas location known as the Halberd State #71H Well in Riverside, Lea County, New Mexico (the "Site"). *See* Pls.' Compl. ¶ 31; *see also* Ex. A ¶ 4. Spur Energy is the operator of the Site, and was at the time of the alleged incident. *See* Ex. A ¶ 4. Mr. Bishop, Mr. Boring, and Mr. Folmar are each employees of Spur Energy, and are employed as the Sr. Construction Foreman (Mr. Bishop) and Production Foremen (Messrs. Boring and Folmar). *See* Ex. A ¶¶ 5-7, 9. In their job roles for Spur Energy, Mr. Bishop, Mr. Boring, and Mr. Folmar's respective job duties only arise when an oil and gas site has been completed and is in the production phase of its operations. *See* Ex. A ¶¶ 5-7, 9. However, on the date of the alleged incident, drilling activities at the Site had just come to an end and completion and production activities had not yet commenced. As such, Spur Energy employees, such as Mr. Bishop, Mr. Boring, and Mr. Folmar, were not responsible for the work ongoing at the time of the alleged incident, which includes any work performed by the Mr. Alvarez and/or Mr. Martinez. *See* Ex. A ¶¶ 5-7, 9.

21. The Affidavit of John Nabors supports removal of this case to federal court, as Mr. Nabors' affidavit makes clear that Mr. Bishop, Mr. Boring, and Mr. Folmar were not present at the Site, and were not responsible for, or involved with, the operations ongoing at the Site on the date of the alleged incident. *See* Ex. A ¶¶ 5-7, 9. Mr. Nabors' affidavit also makes clear that Mr. Bishop, Mr. Boring, and Mr. Folmar did not supervise or direct the work of the Mr. Alvarez or Mr. Martinez, and none of them were responsible for supervising or directing Mr. Alvarez or Mr. Martinez's work. Accordingly, Plaintiffs cannot maintain a viable cause of action against either Mr. Bishop, Mr. Boring, or Mr. Folmar.

22. Furthermore, Mr. Nabors' affidavit makes clear that at all relevant times, Mr. Bishop, Mr. Boring, and Mr. Folmar were working within the scope or course of their employment with Defendant Spur Energy. *See* Ex. A. "A corporation can act only through its officers and employees, and any act or omission of an officer or an employee of a corporation, within the scope or course of his or her employment, is an act or omission of the corporation." *Bourgeous v. Horizon Healthcare Corp.*, 1994-NMSC-038, ¶ 11, 117 N.M. 434, 872 P.2d 852, 855 (citing N.M.R.A., CIV UJI 13-409 ("A corporation can act only through its officers and employees. Any act or omission of an officer or an employee of a corporation, within the scope or course of [his] [her] employment, is the act or omission of the corporation.")). Plaintiffs' addition of Mr. Bishop, Mr. Boring, and Mr. Folmar was thus clearly intended solely to defeat diversity, not to assert a viable claim that might exist against them in their individual capacity. Plaintiffs have in fact alleged that Defendant Spur Energy is vicariously liable for the acts and omissions of its employees and has thus implicitly alleged that there is no purpose in naming an individual employee as an additional defendant. *See* Pls.' Compl. ¶ 62; *and see Ford v. NM Dep't of Pub. Safety*, 1994-NMCA-154, ¶ 9-10 (adopting Section 51 of the Restatement of Judgment's and quoting with

7

approval committee commentary providing that when vicarious liability is at issue, "[i]n an important sense, there is only a single claim. The same loss is usually involved, usually the same measure of damages, and the same or nearly identical issues of fact and law.").

23. As demonstrated above, Mr. Bishop's, Mr. Boring's, and Mr. Folmar's addition to this case were thus a fraudulent joinder. As such, the Court should disregard their citizenship. *See Brazell*, 525 F. App'x at 881 (10th Cir. 2013) (when fraudulent joinder occurs, "the district court disregards the fraudulently joined non-diverse party for removal purposes").

24. When removal is based on 28 U.S.C. § 1441(a), generally all defendants who have been properly joined and served in the suit must join in the notice of removal or consent to the removal 28 U.S.C. § 1446(b)(2)(A); *Zambrano v. New Mexico Corrections Dept.*, 256 F.Supp.3d 1179 (D.N.M. 2017). A defendant can remove without the consent of a defendant who should be disregarded based on the doctrine of fraudulent joinder. *See Worthington v. MGA Insurance Company, Inc.*, No. 2:17-cv-00498-PJK-GBW, 2017 WL 3142030, at *3 (July 24, 2017). At the time of the filing of this Notice of Removal, no Defendants to this lawsuit have been served, so consent of the Co-Defendants is not required.

25. To the extent further response is necessary, Gravity Oilfield Services, LLC's consents to this removal. Mr. Boring, Mr. Bishop, and Mr. Folmar are improperly joined parties to this lawsuit and their consent to this removal is not required, but to the extent their consent is necessary, they consent to the filing of this removal. Defendant Rene Quintana has not been served at the time of the filing of this Removal, so his consent to this removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A); *Zambrano v. New Mexico Corrections Dept.*, 256 F.Supp.3d 1179 (D.N.M. 2017).

### III.     REMOVAL IS PROCEDURALLY CORRECT

26.     This Notice of Removal was filed before 1 year after commencement of the State Court Action as required by 28 U.S.C. § 1446(c)(1).

27.     Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action is pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district and division. In particular, Plaintiffs allege the incident occurred at the Halbred 27, State Com #071H Well, in Lovington, New Mexico. *See* Pls.' Compl. ¶ 31. While Plaintiffs allege the Site is located in Lovington, New Mexico, the Site is actually located in Riverside, Lea County, New Mexico. *See* Ex. A ¶ 4. Regardless, venue is proper in this district and division.

28.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, and orders in the State Court Action are attached to this Notice as Exhibit B.

29.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to the Plaintiffs promptly after Defendant files this Notice.

30.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the District Clerk, Santa Fe County, New Mexico promptly after Defendant files this Notice.

31.     The jurisdictional allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

32.     Defendant reserves the right to submit additional evidence and assert supplemental grounds in support of removal as appropriate in future circumstances.

WHEREFORE, in conformity with 28 U.S.C. §§ 1332, 1446, and 1441, Defendant respectfully removes to this Court that civil action styled Case No. D-101-CV-2022-02140; *Todd*

*M. Lopez, as Personal Representative of the Estate of Alberto Alvarez, Jr, et al. v. Spur Energy Partners, LLC, et al.*, in the First Judicial District Court of Santa Fe County, New Mexico.

Respectfully Submitted,

*/s/ Jaclyn M. McLean*
Jaclyn M. McLean
HINKLE SHANOR LLP
218 Montezuma
Santa Fe, NM 87504
Telephone: (505) 982-4554
jmclean@hinklelawfirm.com
*Attorneys for Defendant Spur Energy Partners LLC*

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of this foregoing document was sent electronically in accordance with the Rules for the United States District Court of New Mexico to all counsel of record on this **9th** day of **December, 2022**.

*/s/ Jaclyn M. McLean*
Jaclyn M. McLean