## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TODD M. LOPEZ, as Personal Representative of the Estate of ALBERTO ALVAREZ, JR., Decedent; SANDRA ANCHONDO, individually, and as Next Friend of A.A., a minor; and ANAHY ALVAREZ ANCHONDO; and LUCY RIVER, as Personal Representative of the Estate of ISRAEL MARTINEZ, Decedent; MARY MARTINEZ, individually, and as Next Friend of M.M., A.O.M., I.M.J., minor children; and NITTY DANIELA MARTINEZ,<br>_Plaintiffs_,<br><br>vs.<br><br>SPUR ENERGY PARTNERS, LLC; MICHAEL BISHOP, individually and as an agent of Spur Energy Partners; DOUGLAS BORING; individually and as an agent of Spur Energy Partners; KIPPER FOLMAR, individually and as an agent of Spur Energy Partners; RENE QUINTANA, individually and as an agent of Spur Energy Partners; GRAVITY OILFIELD SERVICES, LLC; JOHN DOES I-V; JANE DOES VI-X; BLACK AND WHITE CORPORATIONS XI-XV; ABC PARTNERSHIPS XVI-XX; and XYZ ORGANIZATIONS XXI-XXV,<br>_Defendants_. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. _____ |

## AFFIDAVIT OF JOHN NABORS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, John Nabors, known to me, personally appeared and after being duly sworn, upon his oath deposed and stated:

1. "My name is John Nabors. I am over the age of twenty-one (21) years, of sound mind and fully capable of making this Affidavit. I have personal knowledge of the facts stated herein. The statements contained in this Affidavit are true and correct.

2.      I am the Senior Vice President – Operations of Spur Energy Partners LLC ("Spur Energy"). My position provides me with personal knowledge concerning Spur Energy's operations, business dealings, and property interests. Due to my position with Spur Energy, I am aware of the lawsuit against Spur Energy styled Case No. D-101-CV-2022-02140; *Todd M. Lopez, as Personal Representative of the Estate of Alberto Alvarez, Jr, et al. v. Spur Energy Partners, LLC, et al.*, in the 1st Judicial District Court of Santa Fe County, Texas (the "Lawsuit"), and I am aware of the incident giving rise to this lawsuit. My position further provides me with personal knowledge concerning Spur Energy's employees, and their respective job duties and responsibilities related to their employment with Spur Energy.

3.      Spur Energy is a Delaware limited liability company with its principal place of business in Houston, Texas. Spur Energy consists of two (2) members: Jay C. Graham and Kyle N. Roane. Both Mr. Graham and Mr. Roane are individuals residing in Harris County, Texas.

4.      Spur Energy is the operator of the Halberd State #71H Well in Riverside, Lea County, New Mexico (the "Site") where the incident forming the basis of the lawsuit took place on or about June 25, 2022. At the time of the incident alleged in the lawsuit, Spur had completed drilling operations but had not yet begun fracking operations or production activities at the Site.

5.      Michael Bishop ("Bishop") is an employee of Spur Energy and was an employee of Spur Energy at the time of the incident giving rise to the Lawsuit. Specifically, Bishop was a Sr. Construction Foreman for Spur Energy at the time of the incident. As part of Bishop's employment, job duties, and responsibilities as a Sr. Construction Foreman, he was not involved in any operations ongoing at the Site during the time of the alleged incident, because completion and production activities at the Site had not commenced.

6.      Douglas Boring ("Boring") is an employee of Spur Energy and was an employee of Spur Energy at the time of the incident giving rise to the Lawsuit. Specifically, Boring was a Production Foreman for Spur Energy at the time of the incident. As part of Boring's employment, job duties, and responsibilities as a Production Foreman, he was not involved in any operations ongoing at the Site during the time of the alleged incident, because completion and production activities at the Site had not yet commenced.

7.      Kipper Folmar ("Folmar") is an employee of Spur Energy and was an employee of Spur Energy at the time of the incident giving rise to the Lawsuit. Specifically, Folmar was a Production Foreman for Spur Energy at the time of the incident. As part of Folmar's employment, job duties, and responsibilities as a Production Foreman, he was not involved in any operations ongoing at the Site during the time of the alleged incident, because completion and production activities at the Site had not yet commenced.

8.      Plaintiffs allege in their Complaint that ". . . Michael Bishop, Douglas Boring, and Kipper Folmar were the people responsible for supervising and directing the work of the decedents to assure that it could be performed safely." However, this assertion is incorrect, because

Bishop, Boring, and Folmar did not supervise or direct the work of the decedents, and none of them were responsible for supervising or directing the work of the decedents.

9.    Bishop, Boring, and Folmar were not present at the Site when the alleged incident occurred, and their respective job duties and responsibilities did not require them to be present and/or supervise the decedents during the alleged events leading to the incident. Furthermore, in their positions with Spur Energy, Bishop, Boring, and Folmar did not have any involvement in the operations ongoing at the Site at the time of the alleged incident, because operations at the Site had not yet reached production and did not involve any of their job responsibilities for Spur Energy. Accordingly, Bishop, Boring, and Folmar did not have any involvement with any of the operations at issue in the lawsuit.

I hereby verify that I have fully read and transcribe to the assertions in this Affidavit, and I declare under penalty of perjury that the foregoing is true and correct."

Further affiant sayeth not.

_____
JOHN NABORS

SWORN TO AND SUBSCRIBED BEFORE ME on this 9ᵗʰ _____ day of December, 2022.

_____
Notary Public in and for
the State of Texas

HUNTER PYLE
My Notary ID # 2219441
Expires March 30, 2024