**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**TODD M. LOPEZ, as Personal**
**Representative of the Estate of ALBERTO**
**ALVAREZ, JR., Decedent; SANDRA ANCHONDO,**
**individually, and as Next Friend of A.A., a minor; and**
**ANAHY ALVAREZ ANCHONDO; and**
**LUCY RIVER, as Personal Representative of the**
**Estate of ISRAEL MARTINEZ, Decedent;**
**MARY MARTINEZ, individually, and as Next Friend of**
**M.M., A.O.M., I.M.J., minor children; and**
**NITTY DANIELA MARTINEZ,**

      Plaintiffs,

v.

**SPUR ENERGY PARTNERS, LLC,**
a Foreign Limited Liability Company;

**MICHAEL BISHOP**, individually and as
an agent of Spur Energy Partners, **DOUGLAS**
**BORING**, individually and as an agent of Spur
Energy Partners, **KIPPER FOLMAR**,
individually and as an agent of Spur Energy
Partners, and **RENE QUINTANA**, individually
and as an agent of Spur Energy Partners;

**GRAVITY OILFIELD SERVICES, LLC,**
a Foreign Limited Liability Company;

**JOHN DOES I-V, JANE DOES VI-X,**
**BLACK AND WHITE CORPORATIONS XI-XV,**
**ABC PARTNERSHIPS XVI-XX, and**
**XYZ ORGANIZATIONS XXI-XXV,**

      Defendants.

Case No.    D-101-CV-2022-02140
Case assigned to Biedscheid, Bryan

## <u>COMPLAINT FOR DAMAGES ARISING</u><br><u>FROM WRONGFUL DEATH</u>

COME NOW Plaintiffs by and through counsel, The Spence Law Firm NM, LLC

(Dennis K. Wallin and Francheska Bardacke), and Elias Law PC (David Elias Idinopulos,

Michael C. Ross, and Ali M. Morales), and for their Complaint state:

**JURISDICTION AND VENUE**

1.       This Court has jurisdiction over this action and the parties.

2.       Venue is proper in Santa Fe County, New Mexico, pursuant to NMSA 1978, Section 38-3-1(F).

3.       Todd Lopez is the duly appointed Wrongful Death Personal Representative for the Estate of Alberto Alvarez, Jr., resides in Santa Fe County, New Mexico, and at all material times was, and is, a citizen and resident of New Mexico.

4.       Decedent Alberto Alvarez, Jr., was a citizen and resident of New Mexico at all materials times.

5.       Lucy Rivers is the duly appointed Wrongful Death Personal Representative for the Estate of Israel Martinez, resides in Santa Fe County, New Mexico, and at all material times was, and is, a citizen and resident of New Mexico.

6.       Decedent Israel Martinez was a citizen and resident of New Mexico at all material times.

7.       Upon information and belief, Defendant Spur Energy Partners, LLC ("Spur") is a Foreign Limited Liability Company registered to do business in, and doing business in New Mexico at all relevant times, and this Court's exercise of jurisdiction is proper.

8.       Defendant Michael Bishop is an individual who at all times material to this Complaint resided at 911 Bullock Ct. Artesia, New Mexico 88210-9211. At all times material to this Complaint, Defendant Bishop was the Construction Manager and Facilities Superintendent for Defendant Spur Energy Partners. Defendant Bishop was responsible for and performed services related construction and facilities before Alberto Alvarez and Israel Martinez died from hydrogen sulfide inhalation at frac tanks on location Halbred 27, State Com #071H Well.

9.       Defendant Douglas Boring, is an individual who at all times material to this

2

Complaint resided at 801 W Gore Ave, Lovington, New Mexico 88260-2619. At all times material to this Complaint, Defendant Boring was the Production Foreman for Defendant Spur Energy Partners. Defendant Bishop was responsible for and performed services related to production when Alberto Alvarez and Israel Martinez died from hydrogen sulfide inhalation at frac tanks on location Halbred 27, State Com #071H Well.

10. Defendant Kipper Folmar, is an individual who at all times material to this Complaint resided at 226 E. Jackson Road, Artesia, New Mexico 88210. At all times material to this Complaint, Defendant Folmar was the Production Foreman for Defendant Spur Energy Partners. Defendant Folmar was responsible for and performed services related to production when Alberto Alvarez and Israel Martinez died from hydrogen sulfide inhalation at frac tanks on location Halbred 27, State Com #071H Well.

11. Defendant Rene Quintana, is an individual who at all times material to this Complaint resided at 2303 Ambassador St., Edinburg, Texas, 78541. At al times material to this Complaint, Defendant Quintana was the Drilling Supervisor for Defendant Spur Energy Partners. Defendant Quintana was responsible for and performed services related to supervision when Alberto Alvarez and Israel Martinez died from hydrogen sulfide inhalation at frac tanks on location Halbred 27, State Com #071H Well.

12. Upon information and belief, Defendant Gravity Oilfield Services, LLC ("Gravity"), is a Foreign Limited Liability Company registered to do business in, and doing business in New Mexico at all relevant times, and this Court's exercise of jurisdiction is proper.

**PARTIES**

13. **Alberto Alvarez Jr.,** whose estate and survivors are the Plaintiffs in this matter, was tragically and grotesquely killed on June 26, 2022, as a proximate cause of Defendants' negligence set forth herein.

14.     **Todd M. Lopez** is a licensed, experienced attorney in the State of New Mexico, and has been duly appointed to act as the Wrongful Death Personal Representative for the Estate of Alberto Alvarez, Jr. pursuant to the New Mexico Wrongful Death Act, §41-2-1 et Seq. NMSA 1978. *See* D-101-CV-2018-02394. Todd M. Lopez is a resident of Santa Fe County, New Mexico.

15.     **Israel Martinez,** whose estate and survivors are the Plaintiffs in this matter, was tragically and grotesquely killed on June 26, 2022, as a proximate cause of Defendants' negligence set forth herein.

16.     **Lucy River** is a licensed, experienced attorney in the State of New Mexico, and has been duly appointed to act as the Wrongful Death Personal Representative for the Estate of Israel Martinez pursuant to the New Mexico Wrongful Death Act, §41-2-1 et Seq. NMSA 1978. *See* D-101-CV-2018-02394. Lucy River is a resident of Santa Fe County, New Mexico.

17.     **Anahy Alvarez Anchondo and A.M.** are the surviving children of Alberto Alvarez.

18.     **Sandra Anchondo** is the surviving spouse of Alberto Alvarez, the mother of Anahy Alvarez Anchondo, and the mother and Next Friend of A.A. in this matter.

19.     **Nitty Daniela Martinez, M.M., A.O.M., and I.M.J** are the surviving children of Israel Martinez.

20.     **Mary Martinez** is the surviving spouse of Israel Martinez, the mother of Nitty Daniela Martinez, and mother and Next Friend of M.M, A.O.M., and I.M.J in this matter.

21.     **Defendant Spur Energy Partners, LLC** ("Spur"), is a Foreign Limited Liability Company, registered to do business in New Mexico. Its mailing address on the New Mexico Secretary of State's business information website is 850 New Burton Road, Suite 201, Dover, DE 19904. Its principal place of business is listed as 850 New Burton Road, Suite 201, Dover,

DE 19904. Its registered agent in the State of New Mexico is identified as Cogency Global Inc., 1012 Marquez Place, Suite 106B, Santa Fe, New Mexico 87505. Its managers are listed as Jay Graham and Kyle Roane.

22. **Defendant Michael Bishop**, is an individual who at all times material to this Complaint resided at 911 Bullock Ct. Artesia, New Mexico 88210-9211. At all times material to this Complaint, Defendant Bishop was the Construction Manager and Facilities Superintendent for Defendant Spur Energy Partners. Defendant Bishop was responsible for and performed services related to construction and facilities before Alberto Alvarez and Israel Martinez died from hydrogen sulfide inhalation at frac tanks on location Halbred 27, State Com #071H Well.

23. **Defendant Douglas Boring**, is an individual who at all times material to this Complaint resided at 801 W Gore Ave, Lovington, New Mexico 88260-2619. At all times material to this Complaint, Defendant Boring was the Production Foreman for Defendant Spur Energy Partners. Defendant Bishop was responsible for and performed services related to production when Alberto Alvarez and Israel Martinez died from hydrogen sulfide inhalation at frac tanks on location Halbred 27, State Com #071H Well.

24. **Defendant Kipper Folmar**, is an individual who at all times material to this Complaint resided at 226 E. Jackson Road, Artesia, New Mexico 88210. At all times material to this Complaint, Defendant Folmar was the Production Foreman for Defendant Spur Energy Partners. Defendant Folmar was responsible for and performed services related to production when Alberto Alvarez and Israel Martinez died from hydrogen sulfide inhalation at frac tanks on location Halbred 27, State Com #071H Well.

25. **Defendant Rene Quintana**, is an individual who at all times material to this Complaint resided at 2303 Ambassador St, Edinburg Texas, 78541. At all times material to this Complaint, Defendant Quintana was the Drilling Supervisor for Defendant Spur Energy Partners.

Defendant Quintana was responsible for and performed services related to supervision when Alberto Alvarez and Israel Martinez died from hydrogen sulfide inhalation at frac tanks on location Halbred 27, State Com #071H Well.

26. **Defendant Gravity Oilfield Servies, LLC**, is a Foreign Limited Liability Company. Information from the New Mexico Secretary of State's business information website states that its mailing address is 330 North A Street, Building 4, Suite 100, Midland, TX 79705, and lists the registered agent as Capitol Document Services, INC., with a physical address listed at 55 Old Santa Fe Trail 2nd Fl, Santa Fe, NM 87501.

27. At the time of their deaths, Decedents Israel Martinez and Albert Alvarez were performing work related operations, within the course and scope of their employment, on a frac tank battery owned and operated by Defendant Spur Energy, LLC.

28. **The John Doe defendants** were individuals who had supervisory or operational responsibilities at the frac tank battery.

29. **The X,Y,Z defendants** are companies which had duties related to the operation of the frac tank battery.

30. Upon information and belief, all Defendants named herein acting jointly and severally did cause to occur, the events that are the subject matter of this lawsuit and that proximately caused the wrongful death of Alberto Alvarez and Israel Martinez and all damages claimed by Plaintiffs.

<b>FACTS COMMON TO ALL CAUSES OF ACTION</b>

Plaintiffs incorporate by reference each allegation contained in previous Paragraphs as if fully set forth herein.

31. On or about June 25, 2022, and June 26, 2022, decedents Alberto Alvarez and Israel Martinez were working near frac tanks located at Halbred 27, State Com #071H Well, in Lovington, New Mexico.

32. On June 26, 2022, Alberto Alvarez and Israel Martinez were found deceased within a frac tank no. FC5 4683.

33. Upon information and belief, Defendant Spur Energy Partners, LLC, contracted with AR Services Inc. to clean the frac tanks so they could be relocated by Defendant Gravity.

34. Upon information and belief, the property with the frac tanks were owned by Defendant John Doe and/or Jane Doe.

35. Larry Cox was the reporting party of the industrial accident subject of this lawsuit.

36. On June 26, 2022, Larry Cox received a phone call from Sandra Anchondo, the surviving spouse of Alberto Alvarez. Sandra Anchondo was trying to locate her husband was because she could not get in touch with him and he had not returned home from work the preceding evening.

37. Larry Cox then called Rene Quintana, a supervisor with Defendant Spur Energy Partners LLC, to inquire where Alberto Alvarez was working.

38. Defendant Spur supervisor Rene Quintana reported that decedent Alberto Alvarez should be cleaning out the frac tanks on location Halbred 27, State Com #071H Well.

39. Larry Cox then drove to an oilfield location located just south of Halbred 27, State Com #071H Well and looked in the direction of the frac tank where Alberto Alvarez was supposed to be and saw Alberto Alvarez's and Israel Martinez's vehicles.

40. Larry Cox then went over to the frac tanks and observed the trucks running with no one inside of them. Larry Cox checked the trucks for occupants but did not find anyone inside the vehicles.

41. Larry Cox then looked inside one of the frac tanks, tank FC5 4683, and found Alberto Alvarez and Israel Martinez laying down unresponsive when he yelled at them.

42. Larry Cox immediately called 911 and notified his company Spur Energy, LLC.

43. Rene Quintana arrived on scene and informed Deputies and Detectives that Alberto Alvarez and Israel Martinez started the job at the fracking tanks the day prior on June 25, 2022, around noon.

44. Rene Quintana reported Alberto Alvarez called him on June 25, 2022, to report he was going to the location to finish extracting the mud from the frac tanks. This was the last time Rene Quintana heard from Alberto Alvarez.

45. Upon information and belief, Rene Quintana, Michael Bishop, Douglas Boring, and Kipper Folmar were the people responsible for supervising and directing the work of the decedents to assure that it could be performed safely.

46. A full autopsy was performed at the Office of the Medical Investigator ("OMI") for decedent Israel Martinez, age 42 years. OMI postmortem toxicology showed accumulation of thiosulfate, a breakdown product of hydrogen sulfide. The OMI postmortem examination identified the cause of Mr. Martinez's death to be asphyxia by hydrogen sulfide inhalation.

47. A full autopsy was performed at the OMI for decedent Alberto Alvarez, age 46 years. OMI postmortem toxicology showed accumulation of thiosulfate, a breakdown product of hydrogen sulfide. The OMI postmortem examination identified the cause of Mr. Alvarez's death to be asphyxia by hydrogen sulfide inhalation.

48. Hydrogen sulfide is produced (a) from underground geological formations as part of the fluids flowed or pumped from an oil and gas well; or (b) by the fermentation of organic matter and is found in sewers, cess pools, and in the oil and chemical industry. It causes death by interfering with oxygen on a cellular level.

49. The frac tanks' fluid containing hydrogen sulfide were owned by Defendant Spur.

50. The frac tanks were connected or manifolded together to form a common interconnected vapor space in the tanks.

51. The company retained by Defendant Spur to collect samples documented hydrogen sulfide in the collective tank contents.

52. All Defendants owed Alberto Alvarez and Israel Martinez a duty to provide reasonably safe premises and conditions in which to perform work at Halbred 27, State Com #071H Well as a matter of contract, statutory, and common law, and negligently and willfully breached their duties.

53. All Defendants owed a duty to protect Alberto Alvarez and Israel Martinez against the injuries they suffered as a matter of contract, statutory, and common law, and negligently and willfully breached their duties.

54. All Defendants owed a duty to exercise ordinary care for the safety of Alberto Alvarez and Israel Martinez, and negligently and willfully breached their duties.

55. Defendants' negligent and willful breaches and their failure to exercise ordinary or reasonable care under the circumstances proximately caused the wrongful death of Alberto Alvarez and Israel Martinez.

56. As a proximate result of Defendants' negligent or willful actions, Alberto Alvarez and Israel Martinez were tragically killed.

**FIRST CLAIM FOR RELIEF**
**WRONGFUL DEATH**

Plaintiffs incorporate by reference each allegation contained in previous Paragraphs as if fully set forth herein.

57. Alberto Alvarez and Israel Martinez's death was proximately caused by Defendants' negligent and willful wrongful acts, neglect, and fault, and those negligent and willful acts, neglect, and fault are such that, had death not ensued, Mr. Alvarez and Mr. Martinez would have been entitled to maintain an action against Defendants for damages.

58. Defendants had a duty to provide reasonably safe premises and conditions in which to perform work at Halbred 27, State Com #071H Well, and to recognize, identify and avoid dangerous and potentially hazardous conditions to protect and keep safe all individuals on site.

59. Defendants' conduct in discharging their duties was negligent, reckless, and fell well below the accepted standard of care or the standard of ordinary care and caused Alberto Alvarez and Israel Martinez's death.

60. Defendants owed a duty to the deceased to exercise reasonable care and safety, maintain its jobsite in a reasonably safe condition and provide a reasonably safe work environment.

61. At the time and place of the events described herein, Defendants breached and violated their duties of care.

62. Such breaches and violations were the direct and proximate cause of the damages as more specifically detailed in the section of this Complaint denominated as "Damages." The acts and omissions constituting such violations are set forth in greater detail above and include, but are not limited to, the following:

a. Failure to act reasonably under the circumstances;

10

b. Negligence per se based on violations of applicable statutes and regulations;

c. Breach of applicable industry standards;

d. Failure to provide a reasonably safe work environment or conditions;

e. Failure to initiate, employ and enforce procedures for work, tasks, and safety to ensure a reasonably safe work environment;

f. Failure to adequately train and supervise employee(s);

g. Failure to ensure that employees or agents of contractors and subcontractors were adequately trained, instructed, or supervised;

h. Failure to safely and properly communicate with others on the job;

i. Failure to inspect;

j. Failure to implement and enforce a proper safety program;

k. Failure to warn;

l. Failure to properly inform workers at the site as to the use or presence of chemicals or hazards;

m. Failure to test for hydrogen sulfide;

n. Failure to properly post adequate warnings, instructions, and signage related to safety, procedures, and the dangers of potential hydrogen sulfide inhalation.

o. Failure to develop, have, use, or implement posted procedures or signage at the site to instruct on work practices and steps to safely accomplish the work being performed at the site and to avoid hydrogen sulfide inhalation.

p. Failure in the design, construction, and layout of the system, including establishing proper distances from potential or known hydrogen sulfide release points in fracking tanks and/or from other sources;

q. Failure to inspect for hazards, conduct a proper hazard analysis, or to address any hazards that were present, foreseeable, or known, or that should have been known, regardless of whether they were open and obvious, including but not limited to, the danger of lethal levels of hydrogen sulfide;

r. Placing the lives and physical safety of others in immediate danger of harm;

s. Failure to institute and enforce appropriate policies and procedures to avoid the occurrences that resulted in Alberto Alvarez and Israel Martinez's death;

t. Failure to abide by applicable safety codes and regulations;

u. Violations of the New Mexico Occupational Health and Safety Act; and

v. Otherwise failing to exercise the appropriate degree of care required under all of the circumstances existing at the time and place of Alberto Alvarez and Israel Martinez's death.

63. Defendants' conduct was negligent, willful, wanton and reckless in that they purposefully acted in conscious disregard of the consequences of their actions.

64. Plaintiff reserves the right to amend the Complaint at a later date to plead additional damages claims.

65. It was reasonably foreseeable that Alberto Alvarez and Israel Martinez's death would flow from Defendants' negligence and willful, wanton, and reckless disregard for his safety.

66. As a direct and proximate result of Defendants' negligent and willful actions, FRAC Tank # FC54683 released dangerous and lethal amounts of hydron sulfide into the air that killed Alberto Alvarez and Israel Martinez.

**SECOND CLAIM FOR RELIEF**
**LOSS OF CONSORTIUM**
**(Alberto Alvarez)**

Plaintiffs incorporate by reference each allegation contained in previous Paragraphs as if fully set forth herein.

67.     Alberto Alvarez was the husband of Sandra Anchondo and the father of Anahy Alvarez Anchondo and A.A.

68.     Alberto Alvarez's wife and children have suffered from extreme emotional distress due to the loss of Alberto Alvarez's society, guidance, and companionship.

69.     Defendants' negligent and willful actions directly and proximately caused Alberto Alvarez's death and, therefore, is the direct and proximate cause of Sandra Anchondo, Anahy Alvarez Anchondo and A.A.'s loss of consortium and support of their father and husband.

**THIRD CLAIM FOR RELIEF**
**LOSS OF CONSORTIUM**
**(Israel Martinez)**

Plaintiffs incorporate by reference each allegation contained in previous Paragraphs as if fully set forth herein.

70.     Israel Martinez was the husband of Mary Martinez and father of Nitty Daniela Martinez, M.M. A.O.M., and I.M.J.

71.     Israel Martinez's wife and children have suffered from extreme emotional distress due to the loss of Israel Martinez's society, guidance, and companionship.

72.     Defendants' negligent and willful actions directly and proximately caused Israel Martinez's death and, therefore, is the direct and proximate cause of Mary Martinez, Nitty Daniela Martinez, M.M. A.O.M., and I.M.J's loss of consortium and support of their father and husband.

**DAMAGES**

Plaintiff incorporates by reference each allegation contained in previous Paragraphs as if fully set forth herein.

73. As a direct and proximate result of the Defendants' willful and negligent acts and omissions, Alberto Alvarez and Israel Martinez sustained lethal exposure to hydrogen sulfide which caused their death due to asphyxia by hydrogen sulfide inhalation for which Plaintiffs are entitled to an award of damages against the Defendants, to include compensation for, but not limited to, the following:

    a. The physical and emotional pain and suffering experienced by Alberto Alvarez and Israel Martinez from the first time of initial exposure until the time of their death;

    b. The lost earnings, the lost earning capacity, and the value of lost household services of Alberto Alvarez and Israel Martinez;

    c. The loss of the value of Alberto Alvarez and Israel Martinez's life apart from earning capacity, considering a full life expectancy and hedonic damages;

    d. Defendants' aggravating circumstances attending Alberto Alvarez and Israel Martinez's wrongful death;

    e. Punitive damages for Defendants' willful, wanton, reckless, and reprehensible conduct should be found against Defendants and such exemplary damages should be awarded to make an example of Defendants and to warn others not to make the same or similar acts or omissions which would result in the type of egregious damages incurred by those entitled to assert claims for damages in this matter;

14

f. The loss of consortium of, and emotional distress to Anahy Alvarez Anchondo and A.A. caused by the loss of care, comfort, society, guidance, companionship, and counseling of Alberto Alvarez;

g. The loss of consortium of, and emotional distress to Nitty Daniela Martinez, M.M. A.O.M. and I.M.J, caused by the loss of care, comfort, society, guidance, companionship, and counseling of Israel Martinez;

h. The loss to the beneficiaries of other expected benefits that have a monetary value, even where monetary loss to the surviving beneficiaries cannot be shown;

i. The reasonable funeral and burial expenses; and

j. All other fair and just damages supported by the facts.

WHEREFORE, Plaintiffs ask the Court to enter judgment in their favor and against Defendants as follows:

1. For all damages that are fair and just pursuant to the laws of the State of New Mexico and in an amount supported by evidence presented at trial;

2. For general and special damages for the wrongful death of Alberto Alvarez and Israel Martinez;

3. For Plaintiff's costs incurred in pursuing this matter; and

4. For such further relief as the Court deems just and fair.

**Dated this 10th day of November 2022.**

**THE SPENCE LAW FIRM NM, LLC**


/s/ Dennis K. Wallin
Dennis K. Wallin
Francheska Bardacke
1600 Mountain Rd. NW
Albuquerque, NM  87104
(505) 832-6363
wallin@spencelawyers.com
bardacke@spencelawyers.com

*and*

**ELIAS LAW, P.C.**
David Elias Idinopulos
Michael C. Ross
Ali M. Morales
111 Isleta Blvd. SW, Suite A
Albuquerque, NM 87105
(505) 221-6000
david@abogadoelias.com
mike@abogadoelias.com

*Attorneys for Plaintiffs*